No. 3755:—Mrs. E. R. JEMISON *v.* Mrs. ELEANOR E. BARROW.

<div style="float:right; border:1px solid; padding:2px;">24  171<br/>52  1442</div>

Where a married woman appears in court as plaintiff without the authorization of her husband, the presumption is that the husband has refused, and the judge may authorize her without it being shown that the husband was absent or refused.

A third person who discloses no interest in a suit to annul a sale, on the ground that the vendor has not complied with its terms and conditions, can not be permitted to intervene in the suit.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Miller*, J. *Wickliffe & Fisher*, for plaintiff and appellee. *Collins & Leake*, for defendant and appellant.

TALIAFERRO, J. The plaintiff sues to annul a contract of sale to her of a tract of land by the defendant alleging that the conditions upon which the purchase was made have not been complied with on the part of the seller. The answer excepts that plaintiff has no cause of action, and if the exception is overruled the defendant pleads the general issue.

An application was made on the part of J. F. Irvine to intervene in the suit. This was objected to on the part of the plaintiff's counsel for the reason that the intervention came too late, the trial of the case having already begun. That Irvine had no interest in the cause; that

he could not stand in judgment in any matter involved in the controversy; that he was in no manner a party or privy to the original contract in relation to which this suit has arisen. The objections were sustained and the intervention refused. To this ruling the applicant took a bill of exceptions.

There was judgment in favor of the plaintiff annulling the sale, and reinstating her mortgage rights upon the land described in the act annulled as they existed prior to the sale. From this judgment the defendant has appealed. Irvine has also appealed.

The defendant excepts to the right of plaintiff to prosecute this suit, for the reason that on the day of filing the same she obtained the authorization of the judge to bring the action without showing the absence or refusal of her husband to grant the authority.

We think this objection is without weight. The judge may authorize the wife to appear in court if the husband fail or refuse to do it; the wife, who is plaintiff, being authorized in this case by the judge, the presumption is that the husband failed or refused to authorize her.

The facts of this case are, that at the time of the sale from Mrs. Barrow to Mrs. Jemison, the latter had a judicial mortgage affecting the property of the former to the extent of $10,000. By the terms of the agreement the land conveyed was taken at the valuation of $6000, for which a credit was to be entered on the judgment. At the time this contract was entered into, there were two other creditors of Mrs. Barrow, Newgass and Mrs. Richardson having judicial mortgages bearing on her property concurrent with Mrs. Jemison's mortgage. It seems the six hundred and fifty acres sold to Mrs. Jemison makes part of a larger body of land, all of which was subject to the three concurrent judicial mortgages. In the contract between Mrs. Jemison and Mrs. Barrow, it was stipulated that if the other two creditors by judicial mortgage, did not release their mortgage rights *quoad* the six hundred and fifty acres conveyed to Mrs. Jemison, she was to be set back to the same ground she occupied before the contract; that is, if the other creditors having mortgages concurrent with her own enforced their mortgages, Mrs. Jemison was to fall back upon her mortgage rights in order to participate in the proceeds of the property when sold, and in that event she was to be compensated for the improvements she might make upon the land. Newgass enforced his mortgage, and the land was sold, but no release was made by him or by Mrs. Richardson of their mortgage rights, as to the land purchased by Mrs. Jemison. Irvine, the party who aimed to intervene, was the purchaser of the land, and it is alleged that he offered to secure to Mrs. Jemison the portion of the land purchased by her from Mrs. Barrow.

It is insisted by the defendant that it is simply a case of warranty, that Mrs. Jemison has not been evicted, and therefore has no cause to complain. The contract of sale depending upon the will of Newgass and Mrs. Richardson, was dissolved of right as soon as they sought to enforce their mortgages.

We find no error in the judgment. The ruling of the court refusing to permit Irvine to intervene was proper; he clearly had no right to intervene.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

Rehearing refused.